# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **FRANK J. PRICE and** | ) |
| **LISA PRICE,** | ) |
| | ) |
|    Plaintiff(s), | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO.:** |
| | ) |
| **FAMILY DOLLAR STORES OF** | ) |
| **ALABAMA, INC.; SHENITA G.** | ) |
| **TURNER** | ) |
| | ) |
|    Defendant(s). | ) |

___

## NOTICE OF REMOVAL
___

Defendant, Family Dollar Stores of Alabama, LLC (hereinafter "Defendant" or "Family Dollar"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiffs, Frank J. Price and Lisa Price, in the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice of Removal, Family Dollar[1] shows the following:

### A.    PROCEDURAL BACKGROUND

---

[1] While Turner consents to this removal, since she is the purported fraudulently joined party, her consent is not required. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756 (9tth Cir. 2002).

1. This case was commenced by Plaintiffs on December 21, 2020 in the Circuit Court of Jefferson County, Alabama, Case No. 68-CV-2020-900922.00. The documents attached as Exhibit "A" constitute all of the process and pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Service of process was issued to Family Dollar *via* certified mail on December 21, 2020, and Family Dollar was served with a copy of the Summons and Complaint on or about January 12, 2021. [See Exhibit "B"]. Service of process was issued to Co-Defendant, Shenita Turner, on December 21, 2020, and Turner was purportedly served with a copy of the Summons and Complaint on or about December 22, 2020. Turner filed her appearance and Answer on January 21, 2021. [See Exhibit "A", Docs 6 and 8].

3. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Southern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Jefferson County, Alabama as required by 28 U.S.C. § 1446(d).

## B.   DIVERSITY OF THE PARTIES

6. Plaintiff Frank J. Price is a citizen of the State of Alabama. [Exhibit "A", Doc.2 , ¶ 1; Answer of Family Dollar ¶ 1, filed contemporaneously herewith].

7. Plaintiff Lisa Price is a citizen of the State of Alabama. [Exhibit "A", Doc. 2; ¶ 2, Answer of Family Dollar].

8. Family Dollar Stores of Alabama, LLC is a foreign limited liability company, which has a single member – Family Dollar Stores, Inc., which is a foreign corporation formed under the laws of the State of Delaware and has its principal place of business in the State of North Carolina. Thus, Family Dollar Stores of Alabama, LLC is a citizen of the States of Delaware and North Carolina. [See Exhibit "A", Doc. 2 ¶ 3; Answer of Family Dollar, ¶ 3].

9. In *Rolling Greens MHP L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004), the Eleventh Circuit held that for purposes of diversity jurisdiction, a limited liability company would be attributed to the citizenship of each of its members.

10. Plaintiffs, who allege that they were shot multiple times while on the premises of a Family Dollar store, also named Shenita G. Turner (hereinafter "Turner") as a party-defendant. Plaintiffs alleged that Turner was a resident citizen of the State of Alabama, and that on July 27, 2020, she, as an employee of the Family Dollar, negligently and wantonly failed to provide a reasonably safe shopping

environment and implement reasonable "shopping environment" at the Family Dollar store located on 14th Street in Bessemer, Alabama, as well as negligently hired, trained, retained, and supervised store employees, thereby resulting in the severe and permanent injuries sustained by Plaintiffs in the parking lot shooting. [Exhibit "A" – Doc. 2, ¶¶ 4-5, 13, 16-17, 21].

11. Jurisdiction under 28 U.S.C. § 1332 requires "complete diversity." The citizenship of every plaintiff must be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hosp. Authority of Randolph Cnty.*, 22 F. 3d 1559, 1565 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). An action may nevertheless be removable if the joinder of non-diverse parties is deemed to have been "fraudulent": that is, for the purpose of defeating federal jurisdiction. *See, e.g., Wilson v. Republic Iron and Steel Co.*, 257 U.S. 92, 97 (1921) (holding that a diverse defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy"); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superseded by statute on other grounds as stated in Wilson v. General Motors Corp.*, 888 F.2d 779, 782 n.3 (11th Cir. 1989). The filing of an illegitimate claim against a non-diverse defendant is fraudulent joinder, and a district court must disregard the citizenship of such defendants when assessing the existence of "complete diversity." *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979). The doctrine of fraudulent joinder is a judicially created

exception to the requirement that parties be completely diverse and provides that an action may be removed from state court, despite the lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under Eleventh Circuit precedent, joinder is fraudulent in three (3) situations: (1) when there is no possibility that the plaintiff can prove the cause of action against the resident defendant; (2) when there is outright fraud in the plaintiff's pleading of a jurisdictional issue; or (3) when a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability <u>and</u> where the claim against the diverse defendant lacks a common question of law or fact. *Id.*; *see also Coker*, 709 F.2d at 1440; *Tapscott v. MSD Dealer Service Corp.*; 77 F.3d 1353, 1360 (11th Cir. 1996), *overruled as conflicting with prior panel decision on other grounds like Cohen v. Office Depo, Inc.*, 204 F.3d 1069 (11th Cir. 2000). If any of these situations are present, the non-diverse defendant has been fraudulently joined and its citizenship should be ignored for purposes of determining jurisdiction. *Id.*

12.   The burden of proving fraudulent joinder rests with the removing defendant. *See, e.g., Coker*, 709 F.2d at 1440. The claim of fraudulent joinder must be supported by credible, clear and convincing evidence. *See Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). Parties may submit affidavits and

deposition transcripts. *Coker*, 709 F.2d at 1440 (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

13. In *Kimbrough v. Dial*, a Northern District case addressing a motion to remand, the Court addressed Alabama law, stating: "[A]n agent of the corporation cannot be held individually liable for a corporation's negligent or wrongful acts unless [she] contributed or participated in them." No. 06-0585, 2006 U.S. Dist. LEXIS 89950, 2006 WL 3627102, at *5 (S.D. Ala. Dec. 8, 2006) (citing *Ex parte McInnis*, 820 So. 2d 795, 798-99 (Ala. 2001) ("A corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort."); *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986) ("In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity.")). Therefore, individual employees are not liable for the negligence of their employer when they do not breach a separate duty to a plaintiff.[2] *Kimbrough* addressed whether naming a store manager in a slip and fall premises liability action defeated diversity of citizenship. The Court in *Kimbrough* ultimately remanded the case back to State Circuit Court, finding that a proper claim could be asserted against the store

---

[2] "[T]he existence of a duty is a question of law to be determined by the trial judge." *New Addition Club, Inc. v. Vaughn*, 903 So. 2d 68, 73 (Ala. 2004)(*quoting State Farm Fire & Cas. Co. Owen*, 729 So. 2d 834, 839 (Ala. 1998)).

manager; however, *Kimbrough* is distinguishable from the instant case as the resident defendant was a store manager, not merely an employee, and concerned a claim arising from a slip and fall, as opposed to a claim for failure to provide security and protect individuals from the intentional criminal acts of a third party.[3]

14. It is well-settled under Alabama law that there is no duty on a ***premises owner*** to protect another from the criminal acts of a third party absent special circumstances or a special relationship. *New Addition Club, Inc. v. Vaughn*, 903 So.2d 68, 76 (Ala. 2004); *Moye v. A.G. Gaston Motels, Inc.*, 499 So.2d 1368, 1370 (Ala. 1986) (emphasis added). It is undisputed that Turner is not the premises owner of the Family Dollar store located on 14th Street in Bessemer, Alabama. Therefore, Plaintiffs cannot possibly prove that Turner, a mere employee of the Family Dollar, could be liable for the intention criminal actions of a third party, because she lacked a legal duty to Plaintiffs or otherwise protect them from criminal acts committed by a third person.

15. It is clear under Alabama law that claims for negligent training, hiring, retention and supervision require the existence of a "master and servant relationship." *See Lane v. Central Bank of Alabama, N.A.*, 425 So.2d 1098, 1100

---

[3] Similarly, *Patterson v. Publix Super Markets, Inc.*, 2020 WL 2543082 (N.D. Ala. May 19, 2020) and *Parker v. Lowe's Home Ctrs.*, 2013 U.S. Dist. LEXIS 154785, 2013 WL 12404904 (M.D. Ala. Oct. 29, 2013) are both distinguishable from the instant case as the resident defendants in both *Patterson* and *Parker* were store managers, and the claims in both cases concerned slip and falls, not a failure to provide security and protect shoppers from a third party.

(Ala. 1983). Plaintiffs only claim that Turner was an employee of the subject Family Dollar store, and their allegations in no way suggest that Turner had any involvement in or control over the subject store's hiring, training, retaining, or supervising processes. Due to the absence of a master-servant, employer-employee, or even supervisor-subordinate relationship between Turner and any other Family Dollar employee, Plaintiffs cannot state a viable claim against Turner for negligent hiring, training, retention, and supervision of employees at the subject store.

16. Plaintiffs in the instant case have failed to state a viable cause of action against Turner. Plaintiffs allege on July 27, 2020 while leaving the subject Family Dollar Store, a third party, who was Turner's boyfriend, pulled out his gun and opened fire on Plaintiffs in the store parking lot [Exhibit "A" – Doc. 2, ¶¶ 13-16]. Plaintiffs assert premises liability claims of negligence and wantonness against Family Dollar and Turner for failing to provide a reasonably safe shopping environment and implement reasonable safety measures to control the intentional criminal conduct of a third party as well as claims for negligent hiring, training, retention, and supervision.  The Complaint does not allege any specific conduct by Turner, separate and apart from that of Family Dollar, that contributed to the injuries and damages suffered by the Plaintiffs.

17. It is clear from Plaintiffs' Complaint that Plaintiffs have identified an individual (i.e., Turner), who was neither the premises owner nor the manager of the

subject Family Dollar store on July 27, 2020, only to defeat diversity jurisdiction. Plaintiffs have no viable cause of action against Turner, who was clearly fraudulently joined in an attempt to defeat diversity jurisdiction, because she owed no legal duty to the Plaintiffs and cannot be held liable for the intentional criminal acts of a third party. Thus, pursuant to the authoritative precedent referenced above, the alleged citizenship of Turner should be ignored by this Court for purposes of determining subject matter jurisdiction.

18. The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

19. Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a).

## C.  AMOUNT IN CONTROVERSY

20. In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

21. Plaintiffs' Complaint alleges claims of negligence and wantonness along with a claim for negligence hiring, training, and supervising, and demands compensatory and punitive damages in an amount to be determined by a jury. [Exhibit "A" – Doc. 2, p. 4-5].

22. According to Plaintiffs' Complaint, Plaintiff Frank Price suffered and seeks to recover for the following injuries:

    (a) "[M]ultiple traumatic and severe gunshot wounds to the right side of his body and left forearm;"

    (b) Fractured ribs;

    (c) Right knee injury;

    (d) Severe and permanent injuries;

    (e) Permanent scarring;

    (f) Severe physical and mental anguish;

    (g) Medical expenses;

    (h) Lost wages; and

    (i) Future lost wages and medical expenses

[Exhibit "A" – Doc . 2, ¶¶ 25, 30].

23. According to Plaintiffs' Complaint, Plaintiff Lisa Price suffered and seeks to recover for the following injuries:

    (a) "[A] traumatic and severe gunshot wound to her left shoulder;"

    (b) Torn rotator cuff;

    (c) Severe and permanent injuries;

    (d) Permanent scarring;

    (e) Severe physical and mental anguish;

    (f) Medical expenses;

    (g) Lost wages; and

    (h) Future lost wages and medical expenses

[Exhibit "A" – Doc. 2, ¶¶ 26, 31].

24. The Eleventh Circuit has made it clear that "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). In *Roe*, the Eleventh Circuit addressed the removal of cases based solely on the face of the Complaint. The Court noted that "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not a claim a specific amount of damages.'" *Id.* at 1061 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001))). The Court also noted it made little sense to rely solely upon the complaint's statement concerning damages as doing so would allow skilled plaintiffs' attorneys to effectively "make federal jurisdiction." *Id.* at 1064 (quoting *Pretka*, 608 F.3d at 766). Instead, district judges should use "reasonable deductions, reasonable inferences, or other reasonable extrapolations" in making an independent assessment of the amount of the claimed damages based on the pleadings. *Id.* at 1061-62 (quoting *Pretka*, 608 F.3d at 754).

25. Since the *Roe* opinion, District Court Judges in the Northern District of Alabama have held that the amount in controversy threshold is met if a complaint seeks "unspecified damages of various kinds, such as punitive damages and emotional distress" and does not disclaim recovery of $75,000.00 or above. *Smith v. State Farm Fire & Cas. Co.¸* 868 F. Supp. 2d. 1333, 1335 (N.D. Ala. 2012); *see also Hogan v. Mason*, 2017 U.S. Dist. LEXIS 55055 (N.D. Ala. Apr. 11, 2017); *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. 2015); *Seckel v. Travelers Home & Marine Ins. Co.¸* 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013).

26. It is also well established that "[p]unitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)). Moreover, under controlling Supreme Court law, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).

27. In this case, Plaintiffs' Complaint asserting claims of negligence and wantonness and the damages as referenced above, establishes the requisite amount in controversy. *Bush*, 132 F. Supp. 3d at 1318; *see also Smith v. State Farm &*

*Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, 2014 U.S. Dist. LEXIS 166805, 2014 WL 6792043 (N.D. Ala., Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages. Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00. Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

28.  Given the serious nature of Plaintiffs' compensatory damages claims, which include past and future medical expenses, lost wages and future lost wages, pain and suffering and mental anguish, and considering Plaintiffs' requests for punitive damages, it is clear that Plaintiffs seek in excess of $75,000.00 in this case, satisfying the amount in controversy requirement.

29. Defendant Family Dollar denies it is liable to Plaintiffs in any amount but does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiffs' Complaint.

30. Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. §§ 1332, 1446.

### D. TIMELINESS

31. The removal is filed within thirty (30) days from when Family Dollar, the last served defendant, was served with the Summons and Complaint and is therefore timely. 28 § U.S.C. 1446(b). *See Bailey v. Janssen Pharmaceutical, Inc.,* 536 F. 3d 1202 (11th. Cir. 2008).

### E. CONCLUSION

32. Family Dollar satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 1st day of February, 2021.

/s/ Glenn E. Ireland
GLENN E. IRELAND (ASB-4158-e51g)
VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
Attorneys for Defendant,
Family Dollar Stores of Alabama, LLC

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
         vgambacurta@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2021, I have served a copy of the above and foregoing on counsel for all parties by:

 \_\_\_\_\_Facsimile transmission;
 \_\_\_\_\_Hand Delivery;
 \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
 __XX__ Using the Alafile or CM/ECF system which will send notifications of such to the following:

G. Courtney French, Esq.
Christin R. French, Esq.
Petway, French & Ford, LLP
600 Luckie Drive; Suite 300
Birmingham, Alabama 35223
cfrench@fpflaw.com
crfrench@fpflaw.com

/s/ Glenn E. Ireland
OF COUNSEL
