FILED
2021 Feb-24  PM 01:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **FRANK J. PRICE AND LISA PRICE,** ) | |
| ) | |
| **PLAINTIFFS,** ) | |
| ) | |
| **VS.** ) | **CASE NO: 2:21-cv-00155-AMM** |
| ) | |
| **FAMILY DOLLAR STORES OF ALABAMA, LLC;** ) | |
| **SHENITA G. TURNER,** ) | |
| ) | |
| **DEFENDANTS.** | |

## MOTION TO REMAND

Come now Frank J. Price and Lisa Price, pursuant to 28 U.S.C. §1447(c), and move this Court to remand the above-styled matter to the Circuit Court of Jefferson County, Alabama.  For the reasons stated herein, remand is mandated because this Court lacks subject matter jurisdiction over this cause:

### *COMPLAINT*

1. On December 21, 2020, Frank J. Price and Lisa Price instituted this lawsuit in the Circuit Court of Jefferson County, Alabama against Family Dollar Stores of Alabama, LLC and Shenita G. Turner. *Exhibit A – Complaint*.

2. The Complaint avers Frank and Lisa Price are residents of the State of Alabama. *Complaint* ¶¶ 1 and 2.

3. The Complaint avers Defendant Shenita G. Turner is a resident of the State of Alabama. *Complaint* ¶¶ 4 and 5.

4. The Complaint avers Defendant Family Dollar Stores of Alabama, LLC is a foreign limited liability company with its principal place of business in the State of Virginia. *Complaint* ¶3.

5. The Complaint alleges on July 27, 2020, Plaintiffs Frank J. Price and Lisa Price were patrons at the Family Dollar Store No. 12100 at 350-390 14th Street in Bessemer, Alabama when they observed Defendant Shenita G. Turner, an employee of the Family Dollar Store No. 12100, engaged in a verbal altercation with her boyfriend who was inside the store. Defendant Turner's boyfriend then turned his anger toward the Plaintiffs and began verbally threatening Plaintiffs while they were attempting to leave the store. Defendant Turner's boyfriend followed the Plaintiffs out of the store and further threatened them while they were attempting to load their purchases into their vehicle. Defendant Turner's boyfriend pulled out a firearm and shot both Plaintiffs, injuring them. *Complaint* ¶¶ 13-16.

6. The Complaint alleges negligence against both Family Dollar and Shenita G. Turner. In particular, the Complaint alleges, in pertinent part, that Family Dollar negligently hired, trained, retained, and supervised employees at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama, and

that Family Dollar and their employees negligently provided an unsafe shopping environment at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama. *Complaint* ¶20.

7. The Complaint further alleges, by their contracts, their policies, and by their other conduct, Defendants Family Dollar Stores of Alabama, LLC and Shenita G. Turner and their employees severally and collectively undertook the duty to provide the shoppers and guests at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama with a reasonably safe shopping environment.  By their acts and their omissions, these Defendants and their employees negligently breached these undertaken duties.

8. The Complaint further alleges, based upon prior violent acts, assaults and/or shootings at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama, it was foreseeable or should have been foreseeable to Defendants Family Dollar Stores of Alabama, LLC and Shenita G. Turner, severally and collectively, that the Family Dollar Store No. 12100 was an environment where this tragedy would likely occur.

9. The Complaint also avers, Defendants Family Dollar Stores of Alabama, LLC and Shenita G. Turner and their employees had a duty to use reasonable care to keep the Family Dollar Store No. 12100 reasonably safe for the use of their shoppers and guests and to implement reasonable safety

3

measures to control the conduct of a third persons to prevent harm to shoppers and guests. These Defendants and their employees breached their duty and failed to provide reasonable safety for shoppers and guests, including Plaintiffs Frank J. Price and Lisa Price.

10. The Complaint also includes claims for wantonness against both Family Dollar and Turner, averring that by consciously doing and/or not doing the acts set forth above, these Defendants knew that injury and/or death would likely or probably result to someone.

## NOTICE OF REMOVAL

11. On February 1, 2021, Family Dollar filed its notice of removal.

12. The only basis of the removal is diversity jurisdiction.

## STANDARD FOR REMOVAL

13. Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

14. The removing party bears the burden of demonstrating the existence of federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 660 L. Ed. 2d 144 (1921); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014).

4

15. With regard to a claim of fraudulent joinder, the Eleventh Circuit has explained, "In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is ***no possibility*** the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)(emphasis added); "The burden of establishing fraudulent joinder is a ***heavy*** one. Where a plaintiff states ***even a colorable claim*** against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheco de Perez v. AT & T Co*., 139 F.3d 1368, 1380 (11th Cir. 1998)(emphasis added); "If there is ***even a possibility*** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440–41 (11th Cir. 1983)(emphasis added)(superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc*., 991 F.2d 1533 (11th Cir. 1993); "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380.

### *FAMILY DOLLAR'S FRAUDULENT JOINDER ARGUMENT IS PRECLUDED BY THE COMMON DEFENSE RULE*

16. Family Dollar asserts, "It is well-settled under Alabama law that there is ***no duty*** on a premises ***owner*** to protect another from the criminal acts of a third party absent special circumstances or a special relationship." *Notice of Removal* ¶14. Family Dollar goes on to reason, "It is undisputed that Turner is not the premises owner of the Family Dollar store located on 14th Street in Bessemer, Alabama. Therefore, Plaintiffs cannot possibly prove that Turner, a mere employee of the Family Dollar, could be liable for the intention criminal actions of a third party, because she lacked a legal duty to Plaintiffs or otherwise protect them from criminal acts committed by a third person." *Id.*

17. Family Dollar's argument, then, is that there could be no liability under Alabama law for ***either*** Family Dollar as the "owner" of the premises ***or*** Turner, their employee, based on the same defense.  Family Dollar is asking this Court to decide the merits of the Plaintiffs' state law claims against all the Defendants at the pleading stage, and they are doing so under the guise of a claim of fraudulent joinder.  This is precluded by the common defense rule.

18.  In *Alred v. Preferred Compounding Corp*., case No. 1:19-CV-1563-CLM, 2020 WL 429486, *3 (Jan. 28, 2020), this Court noted,

In a nutshell, the "common defense" rule states that any *argument/defense* that would decide the case on behalf of *all defendants*—not just the defendant alleged to be fraudulently joined—*cannot form the basis* of a federal court's *finding of fraudulent joinder* and corresponding denial of a motion to remand. The Fifth Circuit has explained the rationale for the rule thusly:

> [W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper.

*Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 574 (5th Cir. 2004).

(Emphasis added).

The court continued, "Put another way, the federal court's job is to look for fraudulent joinder; *not decide issues that resolve the entire case*. That's the job of the state court." *Id*. (emphasis added).

19. The court in *Poole v. American Intern. Group, Inc*., 414 F. Supp. 2d 1111 (M.D. 2006) explained,

> While the Eleventh Circuit has not reached this issue, other circuits, relying on *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 34 S.Ct. 278, 58 L.Ed. 544 (1914), have applied a "common defense rule" to fraudulent-joinder claims such that when a defense to liability is common to diverse and non-diverse defendants, fraudulent joinder is not found.

…
> These courts reason that common defenses are ***actually
> attacks on the merits of the entire case*** since they
> undermine the claims against the diverse and non-diverse
> defendants alike.

414 F. Supp. 2d at 1117-1118 (emphasis added).

The court in *Poole* concluded that the corporate employer's contention that its employees were fraudulently joined was precluded by the common defense rule. The court noted that the plaintiff's claims for negligent and wanton hiring, training and supervision necessarily "requires the finding of underlying tortious conduct by an employee before the employer can be held liable." *Id*. at 1116. The court reasoned, "Accordingly, the arguments for barring state-tort liability against the non-diverse individual defendants appear to apply equally to preventing liability for the diverse corporate defendants." *Id*.

20. A number of other decisions within the Eleventh Circuit have similarly found the common defense rule precluded claims of fraudulent joinder. *See, e.g. Skelton v. Saia*, Case No. 2:17-cv-00277-JEO, 2018 WL 1784381 (N.D. Ala. April 13, 2018)(argument that Alabama survival statute barred the claim against the non-diverse defendant applied to all defendants, so it would not support a finding

8

of fraudulent joinder); *Cherry v. AIG Sun America Life Assur. Co*., No. 1:07-CV-923-MEF, 2008 WL 508428 (M.D. Ala. Feb. 21, 2008) (common defense rule precluded finding of fraudulent joinder where defense that plaintiff had already recovered damages through arbitration applied to all the defendants); *Mannsfeld v. Evonik Degussa Corp*., Civil Action No. 10–0553–WS–M, 2011 WL 53098 (S.D. Ala. Jan. 5, 20112011)(statute of limitations defense applied equally to claims against all the defendants, so the common defense rule precluded a finding of fraudulent joinder); *McKinnes v. American Intern. Group, Inc*., 420 F. Supp. 2d 1254 (M.D. Ala. 2006)(common defense doctrine applied to preclude fraudulent joinder argument where defenses to claims against diverse employer depended on tortious conduct by the non-diverse employees).

21. Family Dollar's argument that Turner, as their employee, cannot be liable under Alabama law because "there is no duty on a premises ***owner*** to protect another from the criminal acts of a third party absent special circumstances or a special relationship," clearly asserts the same defense with regard to their own liability as they do with regard to the liability of their employee.  Further, as was true in *Poole*, *supra*., the claims against Family Dollar for negligent hiring, training,

retention, and supervision necessarily depend on the negligent conduct of their employee, Turner, who was the one on duty at the time the Plaintiffs were assaulted and who was the one involved in a relationship with the assailant. Accordingly, the common defense rule precludes a finding of fraudulent joinder, and remand is mandated.

### THE PLAINTIFFS HAVE A COLORABLE CLAIM AGAINST SHENITA G. TURNER

22. Furthermore, Family Dollar misstates Alabama law in representing that there can be no possible claim against Shenita Turner for her boyfriend's assault on the Plaintiffs which occurred while the Plaintiffs were shopping at the Family Dollar store while Turner was on duty. In *Whataburger, Inc. v. Rockwell*, 706 So.2d 1220 (Ala. Civ. App. 1997), the court found that the plaintiff presented sufficient evidence to create a jury question whether the on-duty manager of Whataburger breached her duty to a customer who was assaulted outside Whataburger when the employee witnessed the customer being threatened while still inside the establishment. The court reasoned,

> From the evidence presented, the jury reasonably could have found that a fight between [plaintiff] and the three young men was foreseeable. The jury could have determined that the ***manager should have known*** a fight was about to break out; that ***she knew the restaurant's***

>   ***policy was to telephone the police*** in such a situation; and
>   that she ***did not call the police in a timely manner***, but
>   instead sent Rockwell outside to fend for himself.

706 So.2d at 1224 (emphasis added).

23. In the present case, the Complaint alleges that the assailant was, in

fact, the ***boyfriend of Shenita Turner***, the Family Dollar employee

who has been named in this lawsuit and who was on duty at the time

of the assault. *Complaint* ¶14. Turner was, herself, engaged in an

argument with her boyfriend when she then witnessed her boyfriend

turn his anger on the Plaintiffs, who were customers in the store.

*Complaint* ¶15.   Turner witnessed her boyfriend threaten these

customers inside the store and follow them outside the store.

*Complaint* ¶15. As was true in *Whataburger*, a jury could find that it

was foreseeable to Turner that her boyfriend was going to assault

these customers.  Yet she did not telephone the police or do anything

else to protect the Plaintiffs.

24. The Complaint was only recently filed, so there has been no

discovery thus far.  Discovery is necessary to determine facts such as

whether Turner knew her boyfriend was carrying a gun, what Turner

knew with regard to her boyfriend's dangerous propensities, what

steps, if any, she had taken to keep her boyfriend away from the

Family Dollar premises, and whether Turner violated any Family Dollar policies with regard to what employees are supposed to do when a person on the premises threatens a customer with bodily harm. The answers to these questions could certainly create potential liability for Turner. As noted above, "If there is ***even a possibility*** that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker*, 709 F.2d at 1440–41 (emphasis added).

25. It is absurd for Family Dollar to suggest that Turner, the employee who was on duty when the Plaintiffs were assaulted, who was in an intimate relationship with the assailant, who witnessed these customers being threatened and did nothing, and whose negligence and wantonness form the basis for the claims of negligent hiring, training, retention and supervision against Family Dollar, was named solely to defeat diversity. The case is due to be remanded for lack of subject matter jurisdiction.

### ATTORNEY FEES

26. Pursuant to 28 U.S.C.A. §1447(c), the Plaintiffs request that this Court award attorney fees to the Plaintiffs for the improvident removal of this

action.   As was pointed out by the Eleventh Circuit in *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc*., 436 Fed.Appx. 888, 890 (11th Cir. 2011), an award of attorney fees is proper "where the removing party lacked an objectively reasonable basis for seeking removal" but this "does not require a showing that the defendant's position was frivolous, unreasonable, or without foundation.'" (quoting *Martin v. Franklin Capital Corp*., 546 U.S. 132, 138–39 (2005).

27. In *Gray v. New York Life Ins. Co*., 906 F. Supp. 628 (N.D. Ala. 1995), this Court provided an extensive discussion of the rationale for allowing the imposition of attorney fees for an improvident removal even in the absence of a showing of bad faith: "The Judicial Improvements and Access to Justice Act of 1988 (Pub.L. 100–702) made substantial changes in 28 U.S.C. §§ 1446 and 1447. Plainly, one of the Congressional purposes was to narrow the removal opportunity. The message was: 'Remove at your peril!'" 906 F. Supp. at 630.  This Court explained,

> The idea behind the § 1447(c) attorneys fee is not to limit removals to those that are entirely risk-free but to ***obligate the defendant to make a risk assessment and to be prepared for the consequences***. That assessment must, of course, include in its calculation the degree of exposure to attorneys fees under § 1447(c) or, in other words, the likelihood of the removal misfiring.

*Id*. at 635 (emphasis added).

13

This Court concluded,

> This is why "good faith" is not a defense to a claim for §1447(c) fees. Defendants in the instant case took a calculated (or possibly an uncalculated) risk, presumptively understanding that they had the burden both to plead and to prove a basis for the removal and not to come up with an after-the-fact rationalization. … Congress meant §1447(c) to be a signal that *in every removal there is risk of having to pay the plaintiff's reasonable attorneys fees*.

*Id*. at 637 (emphasis in original).

28. As was noted above, Family Dollar had no objectively reasonable basis to conclude that the employee who was on duty when the Plaintiffs were assaulted, who was in an intimate relationship with the assailant, who witnessed these customers being threatened and did nothing, and whose negligence and wantonness form the basis for the claims of negligent hiring, training, retention and supervision against Family Dollar was named solely to defeat diversity.

WHEREFORE, Frank J. Price and Lisa Price respectfully request this Honorable Court to remand the matter to the Circuit Court of Jefferson County, Alabama and to award the Plaintiffs attorney's fees and costs incurred as a result of the improvident removal.

Respectfully submitted,


*/s/ G. Courtney French*
G. COURTNEY FRENCH
CHRISTIN R. FRENCH
Attorneys for Plaintiffs


**OF COUNSEL:**
PETWAY, FRENCH & FORD, LLP
600 Luckie Drive; Suite 300
Birmingham, Alabama 35223
Phone: (205) 977-9798
Fax:   (205) 977-9799
Email: cfrench@fpflaw.com
Email: crfrench@fpflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to all

counsel of record on February 24, 2021.


*/s/ G. Courtney French*
OF COUNSEL

ELECTRONICALLY FILED
12/21/2020 4:35 PM
68-CV-2020-900922.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
KAREN DUNN BURKS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BESSEMER DIVISION

FRANK J. PRICE, an individual and      )
LISA PRICE, an individual,      )
     )
     Plaintiffs,      )
     )
v.      )      CV-2020-_____
     )
FAMILY DOLLAR STORES OF      )      **PLAINTIFFS DEMAND TRIAL**
ALABAMA, LLC; a corporation;      )      **BY STRUCK JURY**
SHENITA G. TURNER, individual,      )

No. 1.  whether singular or plural, the correct legal designation of the entitle known only to the Plaintiffs as **FAMILY DOLLAR STORES OF ALABAMA, LLC**;

No. 2  whether singular or plural, the correct legal designation of that person known only to the Plaintiffs as **SHENITA G. TURNER**;

No. 3  whether singular or plural, the person or entity that reserved the right to control the manner and methods of the safety of the patrons at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama;

No. 4  whether singular or plural, the person or entity that is the successor corporation, successor entity, and/or successor in interest of any of the Defendants in this case.

No. 5  whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the selection, training and/or hiring of the employees at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama;

No. 6  whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiffs allege that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.
     )
Defendants      )

## COMPLAINT

## PARTIES, JURISDICTION & VENUE

1.    Plaintiff FRANK J. PRICE is over the age of nineteen (19) years and at all times material herein resided in Jefferson County, Alabama, Bessemer Division, within the jurisdiction

of this Court.

2.      Plaintiff LISA PRICE is over the age of nineteen (19) years and at all times material herein resided in Jefferson County, Alabama, Bessemer Division, within the jurisdiction of this Court.

3.      Defendant FAMILY DOLLAR STORES OF ALABAMA, LLC ("Family Dollar") is a foreign limited liability company with its principal place of business in the State of Virginia. Its registered agent for service is the Corporation Service Company, Inc., which can be served at 641 South Lawrence Street, Montgomery, Alabama 36104. Defendant Family Dollar Stores of Alabama, LLC is the owner and operator of the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama.

4.      Defendant SHENITA G. TURNER is over the age of nineteen (19) years and at all times material herein resided in Jefferson County, Alabama, Bessemer Division, within the jurisdiction of this Court.

5.      Defendant SHENITA G. TURNER is a resident citizen of Jefferson County, Bessemer Division, Alabama.  Defendant Shenita G. Turner was an employee of Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama at the time of the incident made the basis of this action.

6.      No. 1, whether singular or plural, the correct legal designation of the entity known only to the Plaintiffs as FAMILY DOLLAR STORES OF ALABAMA, LLC;

7.      No. 2, whether singular or plural, the correct legal designation of that person known only to the Plaintiffs as SHENITA G. TURNER;

8.      No. 3, whether singular or plural, the person or entity that reserved the right to control the manner and methods of the safety of the patrons at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama;

9.      No. 4, whether singular or plural, the person or entity that is the successor corporation, successor entity, and/or successor in interest of any of the Defendants in this case.

10.     No. 5, whether singular or plural, that person, firm, corporation or entity who or which had supervisory authority relating to the selection, training and/or hiring of the employees at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama;

11.     No. 6, whether singular or plural, that person, firm, corporation or entity other than those described hereinabove whose negligent actions or inactions, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit. Plaintiffs allege that the identity of the fictitious party Defendants are otherwise unknown at this time, or if known, their identities as proper party Defendants are not known, but their true names will be substituted by amendment when ascertained.

12.     The identities of Fictitious Defendants No. 1 through No. 6 are unknown to the Plaintiff. Plaintiff will substitute the true parties when their identities are ascertained. A reference to "Defendants" herein means both the named and the fictitious defendants.

## STATEMENT OF THE FACTS

13.     On July 27, 2020, Plaintiffs FRANK J. PRICE and LISA PRICE were patrons at the Family Dollar Store No. 12100 at 350-390 14th Street in Bessemer, Alabama.

14.     On July 27, 2020 at approximately 5:30 p.m., the Plaintiffs observed Defendant SHENITA G. TURNER, an employee of the Family Dollar Store No. 12100, engage in a verbal altercation with her boyfriend who had entered the premises of the Family Dollar Store in Bessemer, Alabama.

15.     As Plaintiffs FRANK J. PRICE and LISA PRICE attempted to leave the Family Dollar Store No. 12100 in Bessemer, Alabama, the boyfriend of Defendant SHENITA G. TURNER became irate and began verbally threatening Plaintiffs.

16.     Plaintiffs FRANK J. PRICE and LISA PRICE were loading the items they purchased into the trunk of their vehicle when the boyfriend of Defendant SHENITA G. TURNER followed them out of the store, pulled out his firearm and opened fire on Plaintiffs FRANK J. PRICE and LISA PRICE shooting them multiples times causing the severe and permanent injuries made the basis of this lawsuit.

17.     The Defendants were negligent and wanton in failing to provide a reasonably safe shopping environment at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama, resulting in the severe and permanent injuries sustained by Plaintiffs FRANK J. PRICE and LISA PRICE.

## COUNT ONE – NEGLIGENCE

18.     Plaintiffs adopt and reallege each and every allegation set forth in the paragraphs above as if they were fully set forth herein.

19.     This cause of action is brought against Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6.

20.     Defendants were negligent in their failure to provide a reasonably safe shopping environment at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama.

21.     Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6 negligently hired, trained, retained, and supervised employees at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama.  Additionally, Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6 and their employees

negligently provided an unsafe shopping environment at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama.

22.     Additionally, by their contracts, their policies, and by their other conduct, Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6 and their employees severally and collectively undertook the duty to provide the shoppers and guests at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama with a reasonably safe shopping environment. By their acts and their omissions, these Defendants and their employees negligently breached these undertaken duties.

23.     Furthermore, based upon prior violent acts, assaults and/or shootings at the Family Dollar Store No. 12100 on 14th Street in Bessemer, Alabama, it was foreseeable or should have been foreseeable to Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6, these Defendants and their employees severally and collectively that the Family Dollar Store No. 12100 was an environment where this tragedy would likely occur.

24.     Furthermore, Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6 and their employees had a duty to use reasonable care to keep the Family Dollar Store No. 12100 reasonably safe for the use of their shoppers and guests and to implement reasonable safety measures to control the conduct of a third persons to prevent harm to shoppers and guests. These Defendants and their employees breached their duty and failed to provide reasonable safety for shoppers and guests, including Plaintiffs FRANK J. PRICE and LISA PRICE.

25.     Plaintiffs allege that as a proximate consequence of the negligence of these Defendants and their employees, Plaintiff FRANK J. PRICE suffered multiple traumatic and severe gunshot wounds to the right side of his body and left forearm, resulting in fractured ribs and a right knee injury.  He was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical and mental anguish, was caused to incur medical expenses and lost wages, and will continue to do so in the future.

26.     Plaintiffs further allege that as a proximate consequence of the negligence of these Defendants and their employees, Plaintiff LISA PRICE suffered a traumatic and severe gunshot wound to her left shoulder, causing her to fall to the ground on her right shoulder resulting in a rotator cuff tear.  She was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical and mental anguish, was caused to incur medical expenses and lost wages, and will continue to do so in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs FRANK J. PRICE and LISA PRICE demand compensatory and punitive damages against Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6, in an amount to be determined by a struck jury, plus interest and costs.

## COUNT TWO – WANTONNESS

27.     Plaintiffs adopt and reallege each and every allegation set forth in the paragraphs above as if they were fully set forth herein.

28.     This cause of action is brought against Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6.

29.     By consciously doing and/or not doing the acts set-forth above, these Defendants and their employees knew that injury and/or death would likely or probably result to someone. Their conduct was wanton, reckless and outrageous.

30.     As a proximate consequence of the wantonness of these Defendants and their employees, Plaintiff FRANK J. PRICE suffered multiple traumatic and severe gunshot wounds to the right side of his body and left forearm, resulting in fractured ribs and a right knee injury.  He was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical and mental anguish, was caused to incur medical expenses and lost wages, and will continue to do so in the future.

31.     Plaintiffs further allege that as a proximate consequence of the wantonness of these Defendants and their employees, Plaintiff LISA PRICE suffered a traumatic and severe gunshot wound to her left shoulder, causing her to fall to the ground on her right shoulder resulting in a rotator cuff tear.  She was bruised and contused, suffered severe and permanent injuries, was permanently scarred, suffered severe physical and mental anguish, was caused to incur medical expenses and lost wages, and will continue to do so in the future.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs FRANK J. PRICE and LISA PRICE demand compensatory and punitive damages against Defendants FAMILY DOLLAR STORES OF ALABAMA, LLC and SHENITA G. TURNER and Fictitious Defendants No. 1 through No. 6, in an amount to be determined by a struck jury, plus interest and costs.

### *PLAINTIFFS DEMAND TRIAL BY STRUCK JURY*

Respectfully submitted,

 */s/ G. Courtney French*
G. COURTNEY FRENCH
CHRISTIN R. FRENCH
Attorneys for Plaintiffs

**OF COUNSEL:**
PETWAY, FRENCH & FORD, LLP
600 Luckie Drive; Suite 300
Birmingham, Alabama 35223
Phone: (205)977-9798
Fax:    (205)977-9799
Email: cfrench@fpflaw.com
Email: crfrench@fpflaw.com


## REQUEST FOR SERVICE

I hereby certify that on this the 21st day of December 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and have paid for the following Defendants to be immediately served at the following addresses:

**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

FAMILY DOLLAR STORES OF ALABAMA, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104


**SERVE DEFENDANT BY PRIVATE PROCESS SERVER:**

SHENITA G. TURNER
609 Crumpton Drive
Apt. J
Bessemer, AL  35020

*/s/ G. Courtney French*
G. Courtney French